

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS

Gerald C. Mann
XXXXXX XXXXXXXxx
ATTORNEY GENERAL

February 16, 1939

Hon. Lloyd C. Bouldin
County Attorney
Palo Pinto County
Palo Pinto, Texas

Dear Sir:

Opinion No. O-120
Re: (1) Ex officio compensation
for County Judge and ex
officio School Superin-
tendent.

(2) Payment of deputies or
assistants by counties
under fee system, by use
of ex officio compensation.

Your request for an opinion pertaining to certain
questions propounded in your letter of January 17 has been
received and given our consideration.

You wish to know whether a Commissioners' Court
may allow a County Judge, who is also ex officio County
School Superintendent, a salary in any amount said Court
may find necessary, so long as said ex officio salary and
fees of office, after the payment of salaries of deputies
or assistants, do not exceed the amount set forth in
Article 3902, R. C. S. 1925, as amended.

We have carefully studied your letter, inasmuch
as you state the duties of the combined office of the
County Judge and ex officio County School Superintendent
make it impossible for said officer to properly perform
the duties of the office without an assistant or secre-
tary. We also note your statement that the fees of said
office only amount to a maximum of not more than $300.00
per year.

You refer to the case of Anderson County vs. Hopkins, 187 S. W. 1019 (Civ. App., writ refused), and to 34 Tex. Jur. 544-547 and cases cited, as authority for your opinion the Commissioners' Court could legally allow sufficient ex officio compensation under the provisions of Article 3895 to enable the officer to obtain his maximum compensation allowed by virtue of Article 3891, and also employ a deputy or assistant, as provided for in Article 3902. With reference to the assistant or deputy you state "the salary of said secretary can, of course, be paid out of the County administration fund, but since January, 1936, said salary has been paid by the County out of the General Fund." (Citing wire opinion of Joe J. Alsup, Assistant Attorney General, January 10, 1936.)

We are cognizant of the rulings heretofore made by Mr. Alsup on these matters, but regret we cannot agree with the conclusions reached by him with reference to this particular matter. We do agree with the opinions of Mr. Alsup and many other former Assistant Attorneys General that the Commissioners' Court is authorized to allow officers named in the fee bill any amount of ex officio salary so long as the same does not exceed the maximum provided the officer by Articles 3883 and 3891. (See Veltman vs. Slater, 217 S. W. 378; Mansbro vs. Neiderhofer, 83 S. W. (2d) 685).

We think this the extent of the holding of the court in the authority cited by you. Incidentally, Article 3899 has been materially amended since the case of Anderson County v. Hopkins, supra, and since the text was written in Tex. Jur. cited by you. (See Acts 45th Leg. 1937, Reg. Sess. p. 1514, Chapter 498, Sec. 1).

We further direct your attention to the compensation allowed a County Judge serving as Superintendent (Art. 3883 R. C. S. 1925, as amended), but agree with opinions of former Assistant Attorneys General over a long period of time, that said officer is not entitled to such compensation over and above his maximum compensation and excess fees, but must account for same when arriving at the maximum to be retained by him. However, it has been held

by a former administration that there is no authority, when a County Judge acts as County Superintendent, to appoint an office assistant or deputy, to be paid from school funds, Art. 2700, R. C. S. not applying to such officer (Vol. 334 Letter Opinions p. 671). This ruling has been re-affirmed by the present department in Opinion No. O-141, copy of which is attached hereto.

The pertinent provisions of Art. 3891, R. C. S., as amended, read as follows:

"Each officer named in this chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided."

In addition, you are referred to Article 3899, R. C. S., amended, relating to monthly expense accounts, reading in part as follows:

"The amount of such expenses, together with the amount of salaries paid to assistants, deputies and clerks shall be paid out of the fees earned by such officer."

There are two clearly defined provisions of the statutes contained in Title 51 of the Revised Civil Statutes, one applicable to counties wherein officers are compensated on a fee basis, the other when compensation is provided under the salary system. This department adheres to the opinion there is no authority for payment of deputies from the general fund, in view of the statutes quoted, supra, where the county is on the fee basis of paying the principal officers. All opinions to the contrary are specifically overruled. This, in the absence of special statute or other legislative authority.

We do not believe the language of Article 3895, R. C. S., as amended, is applicable to deputies or assistants. We have been unable to find any case or Departmental opinion so holding. We do not believe the statutory authority exists for such conclusion. There is certainly no direct legislative pronouncement to such effect. If the opinions holding the County Judge and ex officio Superintendent on a fee basis of compensation cannot directly employ an assistant and pay him from County funds are correct (and we think clearly they are), then to permit payment by securing sufficient ex officio compensation to be allowed by the Commissioners' Court to not only secure the maximum compensation for the principal officer, but also to pay his assistant a full salary under Article 3902, it would be permitting that to be done indirectly which cannot be done directly.

When statutes relating to compensation are left to construction, they must be most favorably construed in favor of the government, and the officer will receive no additional compensation unless direct provision is made therefor. See Burk vs. Bexar County, 271 S. W., 132 (Civ. App. writ refused).

Therefore, you are advised the Commissioners' Court may allow your County Judge and ex officio Superintendent such ex officio compensation as in their discretion he should receive, limited to a maximum of such fees as are allowed by law (Art. 3895, R. C. S. as amended; Voltman vs. Slater, 217 S. W. 378; Hanstro vs. Neiderhofer, 83 S. W. (2d) 665), but such ex officio may not be allowed to pay his assistant. We hold the sentence in paragraph (a) of Art. 3899, supra: "The amount of such expenses together with the amount of salaries paid to assistants, deputies and clerks shall be paid out of the fees earned by such officer", means the fees actually "earned", and not the ex-officio compensation provided in Art. 3895, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (signed) Benjamin Woodall
Assistant

BW-KT/cm
Enclosure

APPROVED:

(signed) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS